# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

**CRIMINAL NO. 6:21cr60015-001**        **USA V. STEVEN CURTIS REYNOLDS**

**COURT PERSONNEL:**        **APPEARANCES:**

**JUDGE SUSAN O. HICKEY**        **GOVERNMENT  KENNETH P. ELSER and GRAHAM E. JONES**

**CLERK ROBIN GRAY**        **DEFENDANT  BRUCE D. EDDY - FPD**

**REPORTER JODI WADE**        **USPO DANIEL BURNETT**

## SENTENCING MINUTE SHEET

On this date the above named defendant appeared in person and is sworn.

- (X) Defendant, Steven Curtis Reynolds, placed under oath.
- (X) Inquiry made that defendant is not under influence of alcohol or drugs and is able to comprehend proceedings.
- (X) Inquiry made whether defendant is under the care of a physician or taking any medication and is able to comprehend proceedings.
- (X) Inquiry made that defendant is satisfied with counsel.
- (X) Court determined that defendant and counsel have had opportunity to read and discuss presentence investigation report.
- (X) Presentence investigation report reviewed in open court.
- (X) Counsel for defendant afforded opportunity to speak on behalf of defendant.
- (X) Defendant afforded opportunity to make statement and present information in mitigation of sentence.
- (X) Attorney for government afforded opportunity to make statement to court.
- (X) Court proceeded to impose sentence as follows: **The defendant is sentenced to 18 months in the Bureau of Prisons with credit for time served in federal custody. Three (3) years of supervised release is ordered. Restitution in the amount of $1,088,495.00 is ordered. Interest is waived.**
- (X) While on supervised release, the defendant shall not commit any federal, state, or local crime; the defendant shall be prohibited from possessing a firearm or other dangerous device. In addition, the defendant shall not possess a controlled substance. Mandatory drug testing in accordance with 18 U.S.C. § 3583(d) is waived. Pursuant to 18 U.S.C. § 3583(d), the defendant shall cooperate and submit to the collection of a DNA sample, if the collection of such sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000. The defendant shall comply with the standard conditions of supervised release as set out by this Court.

**CRIMINAL NO.:  6:21cr60015-001**

(X) Defendant ordered to comply with the following special conditions of Supervised Release:

    **1. The defendant shall submit his person, residence, and/or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner based upon reasonable suspicion of evidence of a violation of any condition of supervised release. Failure to submit to a search may be grounds for revocation.**

    **2. The defendant shall submit any and all financial records to the U.S. Probation Officer for review as deemed appropriate by the U.S. Probation Office.**

    **3. The defendant shall not open any new lines of credit or acquire new debt unless preapproved by the U.S. Probation Office.**

    **4. The defendant shall not purchase, possess, use, distribute, or administer marijuana or obtain or possess a medical marijuana card or prescription. If the defendant is currently in possession of a medical marijuana card, he will turn it over immediately to the probation office.**

(X) Defendant ordered to pay total special assessment of $100.00, pursuant to *18 U.S.C. 3013*, for count(s) 4 of the Indictment, which shall be due immediately, with payment to be made to the **U.S. Clerk of Court.**

(X) Oral Motion by USA to dismiss the remaining counts and the forfeiture allegation of the Indictment - Granted.

(X) Defendant advised of appeal rights.

(X) The defendant shall report to the designated BOP facility on January 10, 2023.

(X) The defendant shall abide by all previously imposed conditions of release pending incarceration.

**DATE:  November 28, 2023**         Proceeding began:  **10:21 a.m.**
                                     Proceeding ended:  **11:03 a.m.**